UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMASDINH NEWSOME BOWMAN,<br><br>Petitioner,<br><br>v.<br><br>MELISSA ANDREWJESKI,<br><br>Respondent. | CASE NO. 2:22-cv-00316-DGE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 30) |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge J. Richard Creatura (Dkt. No. 30). The Court ADOPTS in part the R&R and DENIES Petitioner Thomasdinh Newsome Bowman's petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2554.[1] The Court GRANTS Mr. Bowman a certificate of appealability ("COA") as to Ground 1 of his Petition, for reasons discussed herein.

Petitioner raises the following objections to the R&R[2]:

1. Ground 1: Counsel was ineffective for failing to move to suppress computer evidence
    a. Petitioner objects to the Magistrate Judge's finding that the Petitioner has not shown the state court decision finding his counsel was ineffective was

---

[1] The Court also GRANTS Mr. Bowman's motion to file an over-length brief (Dkt. No. 32), but cautions Mr. Bowman's counsel that such motions may not be granted in future matters before this Court as the Court is confident Mr. Bowman's counsel may more succinctly craft their arguments. The Court notes that Mr. Bowman's objections take pages worth of argument verbatim from Mr. Bowman's reply brief. (*Compare* Dkt. No. 26 at 33–35 *with* Dkt. No. 31 at 20–22.)

[2] Mr. Bowman does not object to Judge Creatura's findings as to Grounds 6–8 of their habeas petition. (Dkt. No. 31 at 57.)

      contrary to, or an unreasonable, application of clearly established federal law, or that it was based on an unreasonable determination of the fact.

    b. Bowman objects to the Magistrate Judge's finding that the record supports the state court's determination and that that a plain reading of the 3-page search warrant shows police were authorized to seize [and search] electronic data.

    c. Bowman objects to the Magistrate Judge's finding that Petitioner has not shown a challenge to the validity of the search warrant had merit.

    d. Bowman objects to the Magistrate Judge's finding that the Petitioner has failed to establish that the state court's decision was unreasonable and that he failed to show there was a reasonable probability any motion challenging the validity of the search warrant or attempting to suppress evidence obtained during the search would have been granted.

    e. Bowman objects to the Magistrate Judge's finding that had a motion to suppress the evidence been granted, he failed to establish that the outcome of the trial could have changed.

2. Ground 2: Defense counsel was ineffective for his failure to consult with and call a forensic computer expert as a witness to counter the State's computer expert

    a. Bowman objects to the Magistrate Judge's finding that he failed to show the state court's consideration of his claim was contrary to an unreasonable application of clearly established federal law.

    b. Bowman objects to the Magistrate Judge's finding that he failed to support his contention that counsel's decision not to retain a defense computer expert resulted in assistance falling below an objective standard of reasonableness.

    c. Bowman objects to the Magistrate Judge's finding that counsel's failure to retain a computer expert to counter the state expert's testimony may have been a reasonable tactical decision, because the defense expert would have to confirm that petitioner did access some relevant documents within days of the shooting.

    d. Bowman objects to the Magistrate Judge's finding that he has not provided anything to demonstrate that trial counsel's failure to retain a defense computer expert was in error or that the error changed the outcome of the trial and therefore lacks merit.

3. Ground 3: Counsel was ineffective for failing to call a dissociative mental health expert.

    a. Bowman objects to the Magistrate Judge's finding that petitioner failed to show that the state court's determination of this claim was contrary to, or an unreasonable application of, clearly established federal law.

    b. Bowman objects to the Magistrate's finding as well as the state court opinion that state Bowman's attorney had a strategic reason not to investigate Bowman's mental health and call that witness at trial.

    c. Bowman objects to the Magistrate Judge's finding that there was overwhelming evidence that Bowman did not shoot Noll in self-defense.

4. Ground 4: Defense counsel failed to conduct a reasonable investigation and offer surrounding passages from the book and manual for context, and/or ask for admission of the entire book and manual.
   a. Bowman objects to the Magistrate Judge's finding that the state courts reasonably rejected Bowman's claim that trial counsel was ineffective for failing to offer the entire contents of the two books to challenge the state's "student of murder" theory.
   b. Bowman objects to the Magistrate Judge's finding that Bowman failed to establish that Counsel's failure to include surrounding passages of the book and manual was not strategic.
   c. Bowman objects to the Magistrate Judge's speculation that citing to portions of these publications to which the state did not refer would in fact reinforce the state's "student of murder" theory of the case by implicitly implying that petitioner did in fact read them rather than simply unintentionally downloaded them.
   d. Bowman objects to the Magistrate Judge's finding that had counsel been allowed to introduce the entire manual and book, the evidence would have somehow undermined the defense claim that Bowman had not read the books in connection with the incident.
   e. Bowman objects to the Magistrate Judge's finding that not countering the state's "student of murder" theory by introducing and eliciting testimony about the context surrounding the passages was a "reasonable tactic for defense to minimize the jury's exposure to these publications and petitioner therefore has failed to show counsel was deficient."
   f. Bowman objects to the Magistrate Judge's finding that Bowman has not established prejudice.
   g. Bowman also objects to the finding that "the court simply cannot conclude that there is a reasonable probability, had trial counsel offered the entire contents of the manual and book, that the jury would have weighed the evidence in favor of a different result."
   h. Bowman objects to the Magistrate Judge's finding that "[i]t strains logic to consider the entire contents of how these 'how-to manuals on how to kill people,' in petitioner's possession (having read them or not) at the time of the killing, as helpful to the defense."
5. Ground 5: Bowman was denied a fair trial when defense counsel made no decision on whether to request lesser included offense instructions, erroneously leaving the decision to Bowman.
   a. Bowman objects to the Magistrate Judge's finding that Bowman failed to show the state court's consideration of whether to allow Bowman to decide whether to have a lesser-included instruction was contrary to, or an unreasonable application of, clearly established federal law.
   b. The Magistrate Judge is incorrect in finding Bowman did not establish that defense counsel's choice of deferring to his client to decide the issue constituted deficient performance.

      c. Bowman objects to the Magistrate Judge's finding that defense counsel expressly stated he agreed with Bowman's approach to the relevant jury instructions.
      d. Bowman objects to the Magistrate Judge's finding that an all or nothing approach was a reasonable tactical decision.
      e. Bowman objects to the Magistrate Judge's finding that Bowman failed to establish prejudice.
6. The Court should reject the Magistrate Judge's finding and recommendation that the petition for writ of habeas corpus should be denied.
7. The Court should reject the finding that a certificate of appealability should not issue.

(*See generally* Dkt. No. 31.)

The Court largely agrees with the reasoning of the R&R, but departs from the reasoning of the R&R in three respects.

**A. Validity of the Search Warrant**

First, regarding Ground 1, Mr. Bowman argues Judge Creatura erred in determining that a plain reading of the three-page search warrant shows the police were authorized to search and seize the electronic data used to create their "student of murder" theory of the case. (*See* Dkt. No. 31 at 11–13.) Mr. Bowman argues the search warrant did not provide authorization for authorities to search electronic devices or hard drives at his business, Vague Industries, and therefore "the police lacked authority to <u>search</u> the computer or hard drives." (*Id.* at 12.) Additionally, Mr. Bowman argues the warrant authorizing the search of Vague Industries lacked sufficient particularity. (*Id.* at 16.)

"Particularity, in the Fourth Amendment context, means that 'the warrant must make clear to the executing officer exactly what it is that he or she is authorized to search for and seize.'" *United States v. Morton*, 776 F. App'x 395, 398 (9th Cir. 2019) (quoting *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 702 (9th Cir. 2009). The Ninth Circuit has noted that "[a]s a general rule, in searches made pursuant to warrants only the specifically enumerated

items may be seized." *United States v. Tamura*, 694 F.2d 591, 595 (9th Cir. 1982), *holding modified by United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989 (9th Cir. 2009). "However, the level of detail necessary in a warrant is related to the particular circumstances and the nature of the evidence sought. 'Warrants which describe generic categories of items are not necessarily invalid if a more precise description of the items subject to seizure is not possible.'" *United States v. Adjani*, 452 F.3d 1140, 1147–48 (9th Cir. 2006) (quoting *United States v. Spilotro,* 800 F.2d 959, 963 (9th Cir.1986)) (internal citation omitted). A warrant authorizing the seizure of electronic data is not constitutionally invalid merely because it lacks search protocols to limit the over-seizure of electronic information. *See United States v. Schesso*, 730 F.3d 1040, 1047–50 (9th Cir. 2013).

      The state court judge who authorized the search warrant in the instant case determined that "there is probable cause to believe that the crime(s) of Murder has been committed and that evidence of that crime . . . is/are concealed in or on certain premises, vehicles or persons." (Dkt. No. 17 at 121.) In conjunction with the determination that a murder had been committed and that evidence relating to the murder had been concealed at certain locations, the warrant then specifically authorized the search of "Vague Industries." (*See id.*) The warrant further authorized officers to seize from Vague Industries "desktop and laptop computers, hard drives or other electronic data storage devices, including records of activity regarding the investigation, research and/or repair of damage to the BMW." (*Id.*)

      Both the state appeals courts and Judge Creatura viewed the plain language of the search warrant to authorize both the search of Vague Industries and the seizure of evidence from Vague Industries related to the murder of Yancy Noll, including records stored on hard drives or other electronic storage devices. (*See* Dkt. Nos. 14-1 at 36–37; 30 at 13–15.) The Court believes the

warrant lends itself to two reasonable constructions. The warrant could reasonably be construed to permit officials to search for evidence of the murder of Yancy Noll on all desktop and laptop computers, hard drives or other electronic data storage devices seized from Vague Industries considering the specific language authorizing the seizure of electronic data from Vague Industries together with the language surrounding the probable cause statement. Alternatively, the warrant may have solely authorized the seizure of desktop and laptop computers, hard drives, and other electronic data storage devices from Vague Industries, and any search of these devices should have been limited to identifying "records of activity regarding the investigation, research and/or repair of damage to the BMW." Though the language may be susceptible to two interpretations, the state appellate courts' interpretation is not unreasonable and therefore insufficient to grant a writ of habeas corpus.

Federal courts "deference to state court decisions is at its zenith on federal habeas review." *Andrews v. Davis*, 944 F.3d 1092, 1099 (9th Cir. 2019). 28 U.S.C. § 2254 permits federal courts to grant writs of habeas corpus to individuals "in custody pursuant to the judgment of a State court" only where the state court reached a "decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or where the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d). "A state court decision rests on an 'unreasonable application' of federal law where a state court identifies the correct governing rule, but unreasonably applies that rule to the facts of the prisoner's case." *Andrews*, 944 at 1107 (9th Cir. 2019). The decision must be objectively unreasonable—"so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Fair-minded jurists

could ultimately disagree as to whether the language of the search warrant permitted officials to search the hard drives located at Vague Industries for information beyond "records of activity regarding the investigation, research and/or repair of damage to the BMW."[3] The Court must therefore defer to the state court determination. Accordingly, there can be no basis for ineffective assistance of counsel and no basis for habeas relief.

### B. Procedural Default

Second, the Court notes Mr. Bowman's request for an evidentiary hearing on Grounds 6 through 8 should also be denied pursuant to *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022). As in *Shinn*, Mr. Bowman's claims were procedurally defaulted because he failed to raise these claims in his first personal restraint petition. (*See* Dkt. No. 30 at 6.) Because he failed to submit Grounds 6 through 8 in this petition, Mr. Bowman "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2); *see also Tricomo v. Cotton*, No. 321CV05792DGEDWC, 2023 WL 260375, at *3–4 (W.D. Wash. Jan. 18, 2023). The Antiterrorism and Effective Death Penalty Act thus precludes the Court from granting an evidentiary hearing as to these claims.

### C. Certificate of Appealability and

Finally, the Court concludes a COA as to one issue should be issued in this matter. "A prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338

---

[3] The Court also notes that the warrant specifically authorized the seizure of information related to Mr. Bowman's BMW from hard drives stored at Vague Industries. (Dkt. No. 17 at 121.) The seizure of such evidence would, by necessity, require a search of the hard drives and electronic storage devices collected in the search. *See United States v. Hayes*, 794 F.2d 1348, 1356 (9th Cir. 1986) (noting that implementation of a search warrant will involve the review of potentially innocuous documents).

(2003). The petitioner must show that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 475 (2000)) (cleaned up). The Court finds that reasonable jurists could disagree as to whether Mr. Bowman's trial counsel was ineffective for failing to move to suppress evidence obtained pursuant to a search of hard drives from Vague Industries (Ground 1).

The Court, having reviewed the R&R (Dkt. No. 30) of Judge Creatura, objections to the R&R, if any, and the remaining record, does hereby find and ORDER:

(1) The Court ADOPTS in part the R&R.

(2) Mr. Bowman's federal habeas petition is DENIED.

(3) A certificate of appealability is GRANTED in this case as to Ground 1 only and DENIED as to all other grounds asserted.

(4) The Clerk is directed to send copies of this Order to Petitioner, all counsel of record, and to the Hon. J. Richard Creatura.

Dated this 16th day of March, 2023.

David G. Estudillo
United States District Judge